IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



NATIONAL RESORT MANAGEMENT §
CORP., ET AL., §
 §
 Movants, §
 §
VS. § NO. 4:06-CV-641-A
 §
RACHEL D. CORTEZ, ET AL., §
 §
 Claimants. §

MEMORANDUM OPINION
and
ORDER

This action was initiated on September 8, 2006, pursuant to the authority of the Federal Arbitration Act, 9 U.S.C. §§ 1-16, to vacate an order, decision, and supplemental decision of an arbitrator in an arbitration between movant National Resort Management Corp. ("National") and claimants, Rachel D. Cortez ("Cortez"), Felicia G. Hernandez ("Hernandez"), Crystal I. Moore ("Moore"), Teresa D. Morath ("Morath"), and Mary D. Noble ("Noble"). The arbitration was pursuant to arbitration agreements National and claimants, respectively, entered into when they became employed as waitresses at The Cliffs, a resort located at Possum Kingdom Lake operated by National. The order, decision, and supplemental decision that National and the other movant, Double Diamond, Inc., moved to vacate constituted awards

to claimants pursuant to their sexual harassment claims that were being arbitrated. Claimants filed a cross-motion to confirm the order and decisions movants sought to vacate.

Each arbitration agreement contained a Judicial Review provision that authorized the filing of an action to vacate an award, and provided that "[i]n an action seeking to vacate an award, the standard of review applied to the Arbitrator's findings of fact and conclusions of law will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury." Movants' Mots. to Vacate, App. at 758, 770, 780, 784, 797. All parties urged the court to apply that standard of review in reaching a decision on the motions to vacate and the cross-motion to confirm. After having done so, the court concluded that the awards of the arbitrator should be vacated because of the failure of the arbitrator to apply proper legal standards applicable to claims under Title VII of the Civil Rights Act of 1964, 28 U.S.C. §§ 2000e, et seq.[1]

---

[1] The motions to vacate informed the court that the arbitrator's awards are based on Title VII. Mots. to Vacate at 2. While the July 24, 2006, decision of the arbitrator does not expressly state the statutory basis of the award, the arbitrator implies that Title VII is the basis by making reference to Title VII when discussing what compensatory damages are permitted and by making an analysis, and citing court decisions, that are uniquely applicable to Title VII
(continued...)

Claimants appealed to the United States Court of Appeals for the Fifth Circuit from this court's judgment vacating the awards. On May 15, 2008, the Fifth Circuit vacated this court's judgment and remanded for reconsideration in light of the Supreme Court's decision in Hall Street Associates, L.L.C. v. Mattel, Inc., 128 S. Ct. 1396 (2008), which the Fifth Circuit described as a holding that, "regardless of the parties' agreement to the contrary, district courts must review an arbitrator's findings of fact and conclusions of law under the highly deferential standard set forth in 9 U.S.C. § 10(a)." National Resort Mgmt. Corp. v. Cortez, No. 07-10230, slip op. at 1 (5th Cir. 2008). The court interprets the mandate of the Fifth Circuit to be a directive to this court to review the record of this action to determine whether there should be a vacatur of the arbitrator's awards

---

[1](...continued)
claims. Apparently the arbitrator chose not to resolve whatever claims might have been made by claimants under the Texas Labor Code or for assault and battery damages under Texas common law. Accordingly, the memorandum opinion and order the court signed January 16, 2007, vacating the arbitration awards was prepared on the assumption that the arbitrator's decision was based solely on the Title VII claims. Jan. 16, 2007, Mem. Op. & Order at 2. This memorandum opinion and order makes the same assumption.

under the standard set forth in § 10(a), and to render a judgment accordingly.[2]

Section 10(a) reads as follows:

> (a)  In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
>
>> (1)  where the award was procured by corruption, fraud, or undue means;
>>
>> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>>
>> (3)  where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>>
>> (4)  where the arbitrators exceeded their powers, or so imperfectly executed them that a

---

[2]Upon further consideration, the court has concluded that the fact that both parties urged the court to apply the standard the court applied in its initial decision in this case is not a reason for failing at this time to decide the case based on the § 10(a) standard. Accepting as accurate the Fifth Circuit's characterization of the holding in Hall Street Associates, L.L.C. v. Mattel, Inc., 128 S. Ct. 1396 (2008), and bearing in mind the directive on remand to reconsider in the light of the Hall Street decision, the court does not believe it has a choice but to re-decide the case by application of the § 10(a) standard to the record of the arbitration. The court has given due consideration to the suggestions made by National in the brief it filed June 27, 2008, but has concluded that the Fifth Circuit's directive on remand precludes use of any of the review standards urged by National or the making of a decision based on public policy.

4

mutual, final, and definite award upon the subject
matter submitted was not made.

The court cannot find that any of those grounds for vacatur exist as to any of the arbitrator's rulings and awards at issue in this action. Thus, the court is affirming the awards, and will render a judgment accordingly.

Therefore,

The court ORDERS that the motions to vacate the arbitration awards be, and are hereby, denied.

The court further ORDERS that the cross-motion to confirm the arbitration awards be, and is hereby, granted.

SIGNED July 18, 2008.

JOHN McBRYDE
United States District Judge